# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| NORTH SAVANNAH PROPERTIES, LLC, MICHAEL HAMBLETON AND JOHN SCOTT, <br><br>  Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, *as Receiver of the business and property Of Darby Bank & Trust Co,* <br><br> Defendant. | Case No. CV410-297 |

# ORDER

The Federal Deposit Insurance Corporation (FDIC), having taken over defendant Darby Bank & Trust Co., removed to this Court this lender-liability case against Darby. Doc. 1. That subjected the parties to Fed. R. Civ. P. Rule 26(a)(1) disclosure[1] and discovery-based deadlines.

---

[1] Pursuant to

Rule 26(a), a party must disclose, without awaiting a discovery request, any tangible item "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ .P. 26(a)(1)(A)(ii). Failing to disclose any item required by Rule 26(a) results in that party not being allowed to use that item during the proceedings, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiffs, meanwhile, have moved to remand, doc. 7, a maneuver opposed by the FDIC, doc. 10, which itself moves for summary judgment to dismiss their entire case. Doc. 12; *see also* doc. 13.

The parties filed a status report wherein they disagree over whether to continue with discovery or stay it pending the above-cited, dispositive motions. (Only the remand motion was then pending, but the additional motions noted above were then contemplated.) Doc. 9 at 2. Plaintiffs would like the Rule 26(a) disclosure deadline set at March 9, 2011. *Id.* The FDIC wants it pushed back until after the Court rules on the remand and any dispositive motions. *Id.* Plaintiffs want discovery to

---

*Rasmussen v. Central Fl. Council Boy Scouts Of Am.*, 2011 WL 311680 at * 3 (11th Cir. Feb. 2, 2011). And "under Rule 26(f), plaintiffs are under a duty to confer with opposing counsel to develop a plan of discovery and must do so before seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f)." *Ferguson v. Aurora Loan Services*, 2010 WL 3463585 at * 2 (S.D. Ga. Aug. 31, 2010). Finally,

> [a] party must make the initial [Rule 26(a)] disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

Rule 26(a)(1)(C). In that regard, "Rule 26 merely requires the parties to disclose information concerning the claims or defenses that is reasonably available. *See* Fed. R. Civ. P. 26(a)(1)(A), (E)." *Jozwiak v. Stryker Corp.*, 2010 WL 147143 at * 3 (M.D. Fla. Jan. 11, 2010).

proceed, and the FDIC wants it stayed pending the same motions. *Id.* at 3 ¶ 6.

> While motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) citing *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985). A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. *Id.* In this regard, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Feldman, supra*, 176 F.R.D. at 652-53.

*McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at * 2 (M.D. Ga. Oct. 10, 2008) ("it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted").

Upon preliminarily reviewing the pending FDIC motion, the Court finds that it has considerable heft and may dispose of this case, obviating further discovery. Applying the principles found in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), and *Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (no error in the district court's imposition of a stay pending the resolution of a motion to dismiss based on facial challenges to the complaint), the Court concludes that the

3

Rule 26(a) and ongoing discovery obligations should be stayed pending the above-noted dispositive motions, against which any party may freely invoke Fed. R. Civ. P. 56(d) (2010) should any additional discovery be needed. Should the district judge fail to grant the dispositive motions, then within 14 days of such ruling the parties shall exchange Rule 26(a) disclosures and submit a new status report with proposed scheduling order deadlines based on a 90-day discovery deadline. The FDIC's stay motion (set within the "Rule 26(f) Report," doc. 9 at 2-3) is therefore **GRANTED**.

**SO ORDERED** this 14th day of February, 2011.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA