UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NORTH SAVANNAH PROPERTIES, LLC, MICHAEL HAMBLETON, and JOHN SCOTT,

Plaintiffs,

v. 4:10-cv-297

DARBY BANK & TRUST CO.,

Defendant.

## ORDER

### I. INTRODUCTION

Plaintiffs North Savannah Properties, LLC, Michael Hambleton, and John Scott (collectively "Plaintiffs") filed a complaint against Defendant Darby Bank & Trust Co. ("Defendant") in the Superior Court of Chatham County, on October 21, 2010. *See* Doc. 1-3. In the complaint, Plaintiffs allege that Defendant provided financing for a development project called Telfair Plantation (the "Development"). *See id.* at 4. To secure the debt, Defendant took a security interest in the entire acreage of the Development. *See id.* Seventeen lots within the Development were designated as "developer lots." *Id.* Plaintiffs allege that Defendant improperly, and in bad faith, released the mortgages on these developer lots in order to benefit Darby Bank insiders. *See id.* at 5. As a result of "[t]hese improper self-dealing acts," Plaintiffs allege that their debt to Defendant should be discharged, and actual and exemplary damages awarded. *Id.*

On November 12, 2010, the Georgia Department of Banking and Finance ("GDBF") took possession of Darby Bank, and appointed the Federal Deposit Insurance Corporation ("FDIC") as its receiver. *See* Doc. 1 at 1. The same day, the FDIC seized control of Darby Bank, and GDBF filed a petition for the appointment of a receiver in the Superior Court of Toombs County. *See id.* at 1-2.

The FDIC removed Plaintiffs' complaint to this Court on December 22, 2010. *See* Doc. 1. It claims removal was timely and proper under the authority of the Federal Deposit Insurance Act. *See id.* at 2.

Plaintiffs have moved to remand the case back to the Superior Court of Chatham County on the basis that an exception under the Federal Deposit Insurance Act bars removal. *See* Doc. 7.

The FDIC has moved for summary judgment. *See* Doc. 11.

Plaintiffs have moved for oral argument on the motion for summary judgment. *See* Doc. 26. Plaintiffs have also moved the Court to lift the stay on discovery and withhold ruling on the FDIC's motion for summary judgment. *See* Doc. 27.

### II. MOTION FOR REMAND

The FDIC claims authority to remove this case based on 12 U.S.C. § 1819(b)(2), which provides:

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a

party shall be deemed to arise under the laws of the United States.

(B) Removal

Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.

. . .

(D) State actions

Except as provided in subparagraph (E), any action

> (i) to which the [FDIC], in the [FDIC's] capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii) in which only the interpretation of the law of such State is necessary,

Shall not be deemed to arise under the laws of the United States.

(E) Rule of construction

Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the [FDIC] has been appointed receiver could have invoked the jurisdiction of such court.

"[T]he burden of proving a lack of federal jurisdiction in this action rests on the plaintiff opposing removal and not the FDIC." *Lokey v. Darby Bank & Trust Co.*, No. 4:10-cv-298, Doc. 39 at 3 (S.D. Ga. May 4, 2011) (citing *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785 (11th Cir. 2005)).

Plaintiffs first argue that removal is barred by the exception in 12 U.S.C. § 1819(b)(2)(D). In their motion for remand, Plaintiffs claim that the three-prong test is met because: (1) "the FDIC is substituted in place of the defendant," (2) "the case involves the preclosing rights of the plaintiffs," and (3) "the case involves only state law claims." *See* Doc. 7 at 2.

The FDIC does not contest Plaintiffs' position that the first two prongs of the exception are met, but insists that Plaintiffs' argument fails on the third. *See* Doc. 10 at 3-5. Specifically, the FDIC claims that federal law is implicated because, even assuming Plaintiffs' complaint only raises state law claims, the FDIC's defenses are based on federal law. *See id.*

Plaintiffs then, in their reply in support of the motion for remand, assert that the FDIC was *not* properly substituted in place

of the defendants. *See* Doc. 19 at 3-5. This argument is contrary to Plaintiffs' position in the motion for remand regarding the FDIC's status, and cuts directly against its theory that the case should be remanded under the exception in 12 U.S.C. § 1819(b)(2)(D). Plaintiffs do not explain the inconsistency in their positions, but in order to efficiently resolve this motion, the Court will construe the them as alternative arguments.

The Court need not address the exception issue, however, because the FDIC is not a proper party to this action.

According to Plaintiffs' reply brief, the FDIC failed to comply with Georgia procedure for joining the action, and thus, the subsequent removal was improper. *See* Doc. 19 at 5. The Georgia code provides: "In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." O.C.G.A. § 9-11-25.

The Eleventh Circuit has noted that "[i]n crafting the right in § 1819, Congress used very strong language to afford the FDIC every possibility of having a federal forum, and state procedural law cannot be invoked to frustrate the unambiguous intent of federal legislation." *Id.* (internal citations omitted). *See also Chicago R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1956) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege or removal granted by the federal statute.").

The Court, therefore, looks to the Federal Rules of Civil Procedure to determine whether the FDIC is a proper party to this action. *See Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 784 (11th Cir. 2005); *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1075 (5th Cir. 1980).

Federal Rule of Civil Procedure 25(c) requires "that the court act upon a motion to substitute," and does not allow "for automatic substitution when there is a transfer of interest." *See Vision Bank v. Bama Bayou, LLC*, 2011 WL 521611, at *2 (S.D. Ala. Feb. 14, 2011); *see also Lokey v. Darby Bank & Trust Co.*, No. 4:10-cv-298, Doc. 39 at 6 (S.D. Ga. May 4, 2011) (rejecting the filing of a notice of substitution as insufficient without a court order allowing it); *Osborne v. Darby Bank & Trust Co.*, No. 4:10-cv-296, Doc. 46 at 6 (S.D. Ga. May 4, 2011) (same); *Minkner v. Wash. Mut. Bank, N.A.*, 2010 WL 376964, at *3-4 (D. Ariz. Jan. 25, 2010) (FDIC not automatically a party upon appointment as receiver); *J.E. Dunn Nw., Inc. v. Salpare Bay, LLC*, 2009 WL 3571354, at *4 (D. Or. Oct. 26, 2009) (FDIC not a party until the state court grants a motion to substitute).

The FDIC alleges in its notice of removal that it filed a notice of substitution in this action, *see* Doc. 1 at 3, but no such notice appears in the record. *See* Doc. 1-3 (Exhibit 2 to the FDIC's notice of removal, purportedly including "copies of all process, pleadings and orders filed in the Superior

Court of Chatham County," Doc. 1 at 3). In addition, even assuming the FDIC did file a notice of substitution, there is no evidence that the state court entered an order substituting the FDIC as a party in this case. *See id.* The FDIC cannot remove.

### III. CONCLUSION

Plaintiffs' motion for remand, *see* Doc. 7, is ***GRANTED***. This case is remanded to the Superior Court of Chatham County for further proceedings.

The FDIC's motion for summary judgment, *see* Doc. 11, is ***DISMISSED***.

Plaintiffs' motion for oral argument on summary judgment, *see* Doc. 26, is ***DISMISSED***.

Plaintiffs' motion to lift the discovery stay and withhold ruling on the FDIC's motion for summary judgment, *see* Doc. 27, is ***DISMISSED***.

This 11th day of May 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA